UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER DENYING MOTION TO REMAND [12]**

Pending before the Court is Plaintiffs Alma Araceli Gomez Venegas and Miguel Angel Castillo Gomez' ("Plaintiffs") motion to remand ("Motion"). Dkt. No. 12. Plaintiffs' Motion is supported by the Declaration of Michelle Yang ("Yang Declaration"). Dkt. No. 12-1. Defendant General Motors LLC ("Defendant") filed its Opposition on October 22, 2025. Dkt. No. 14. Defendant's Opposition is supported by the Declaration of Kristine Avena ("Avena Declaration"). Dkt. No. 14-1. Plaintiffs filed their reply on October 29, 2025. Dkt. No. 15. The Court finds the matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. The November 12, 2025 hearing on the Motion is VACATED.

For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

### I. BACKGROUND

Plaintiffs filed their complaint in the Superior Court of California, County of Los Angeles, on February 7, 2025. Notice of Removal ("Notice") at 1-2, Dkt. No. 1; *see also* Mot. at 1. Plaintiffs filed a First Amended Complaint ("FAC") on April 9, 2025. Dkt. No. 1-1. The FAC asserts claims for violations of the Song-Beverly Act and the federal Magnuson-Moss Warranty Act ("MMWA") with respect to a 2022 Chevrolet Silverado 1500, purchased by Plaintiffs on or about February 12, 2023 (the "Subject Vehicle"). *Id.*

Plaintiffs served Defendant with the complaint and summons on February 10, 2025. Yang Decl. ¶ 5 & Ex. 1. Defendant filed its answer on July 16, 2025. Dkt. No. 1-2.

Defendant removed the action to federal court on September 5, 2025, pursuant to 28 U.S.C. § 1332. Notice at 1. The Notice alleges that there is complete diversity of citizenship between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

parties and that the amount in controversy exceeds $75,000. *Id.* at 3-6. According to Defendant, the amount in controversy is indeterminate from the face of the complaint, and Defendant could not appropriately remove the matter to federal court until it completed an investigation to determine an accurate figure. *Id.* at 6-10. Because of this, Defendant argues it had one year—rather than 30 days—to remove the case. *Id.* at 10.

## II.   DISCUSSION

### A.   Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). There is a presumption that a district court lacks jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

A defendant may remove a state civil action to the federal district and division where the action is pending if the district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). A federal court's statutory grants of subject-matter jurisdiction are found in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&F Corp.*, 546 U.S. 500, 513 (2006). Generally, a district court has original jurisdiction over actions premised on a federal question, 28 U.S.C. § 1331, or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, *id.* § 1332(a). Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The defendant has the burden to show that removal is proper, and any ambiguities or doubt as to an action's removability are resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

If the case stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). This "first pathway" applies where "the basis for removal is clear from the complaint." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate," and the case is not removable at that stage. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two thirty-day timelines, but within a year of commencement of the action. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013); 28 U.S.C. § 1446(c).

**B.    Analysis**

    1.    <u>Timeliness of Removal</u>

Plaintiffs argue that Defendant's removal is untimely because Plaintiffs' original complaint included a federal MMWA claim and the amount in controversy is ascertainable on the face of Plaintiffs' complaint. Mot. at 5-9. Plaintiffs contend that their complaint adequately informed Defendant that their alleged damages exceed $50,000 because their claims arise out of their purchase of a new 2022 Chevrolet Silverado 1500 vehicle and the complaint seeks restitution for the purchase of the vehicle, incidental and consequential damages, civil penalties of two times the actual damages, and attorneys' fees.[1] *Id.* at 6. Although Plaintiffs concede that their complaint did not allege a specific dollar amount in controversy, Plaintiffs argue that because Defendant had access to the Manufacturer's Suggested Retail Price ("MSRP") of the Subject Vehicle, and the make, model, year, and VIN of the Subject Vehicle, Defendant had more than sufficient information to plausibly determine the amount in controversy. *Id.* at 7-8.

Defendant argues that the complaint is indeterminate as to the amount in controversy. Opp'n at 11-14, 15-18. Defendant contends that the complaint does not set forth which formula applies for calculation of damages for the MMWA claims, and the values necessary to apply any measure are indeterminate from the face of the complaint. *Id.* at 13-14. Defendant also asserts that the complaint is indeterminate as to actual damages under the Song-Beverly Act because it does not provide the purchase price of the Subject Vehicle or any values for statutory offsets. *Id.* at 16-18.

---

[1] Although Plaintiffs state in their Motion that their claims arise out of their purchase of a new 2022 Chevrolet Silverado 1500 vehicle, the FAC provides that Plaintiffs purchased their vehicle on February 12, 2023, FAC ¶ 9, and Defendant's evidence suggests that Plaintiffs were the second owners, Avena Decl., Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

The amount in controversy encompasses, at the time of removal, all the relief a plaintiff would be entitled to upon a favorable judgment. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Under California's Song-Beverly Act, a plaintiff may receive actual damages in the amount of "the actual price paid or payable by the buyer," offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Actual damages are further offset by negative equity; noncash credits provided by the manufacturer; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Code of Civ. Proc. § 871.27(b)-(d). A plaintiff may also be entitled to civil penalties if the defendant's violations were willful. Cal. Civ. Code § 1794(c). A civil penalty award may not exceed twice the amount of actual damages. *Id.*

Here, the complaint does not allege the actual price paid or payable by Plaintiffs for the Subject Vehicle or any information from which Defendant could estimate offsets such as the mileage of the vehicle. Plaintiffs argue that because Defendant possessed the information it needed to determine the amount in controversy from the outset, Defendant's removal was untimely. *See* Reply at 1-2. However, the Ninth Circuit has held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Although district courts differ in their analysis on this issue, the Court is persuaded by the courts that have followed *Harris* in denying similar motions to remand. *See Jackson v. General Motors, LLC*, No. CV 25-7021-JFW(ASx), 2025 WL 2835457, at *2 (C.D. Cal. Oct. 2, 2025) (collecting cases and concluding that removal was not untimely). Because the complaint does not allege the value of the Subject Vehicle or information from which Defendant could estimate statutory offsets, the amount in controversy on Plaintiff's Song-Beverly Act claims is indeterminate from the face of the complaint. Therefore, the thirty-day clock under the first pathway of removal does not apply.

It is unclear whether Plaintiffs maintain that the pre-litigation disclosure of documents as part of settlement discussions triggered a thirty-day clock for removal. Although Plaintiffs set forth that they provided such documents in January 2025, Plaintiffs do not argue in their moving brief that this triggered a thirty-day clock for removal. *See* Mot. at 1. In their Reply, Plaintiffs appear to argue that the combination of the pre-lawsuit disclosure and service of the complaint triggered a thirty-day removal period. *See* Reply at 1. To the extent Plaintiffs argue that Defendant's removal was untimely because of the January 2025 disclosure, the Ninth Circuit has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

rejected the "suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("[W]e conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period."). Plaintiffs do not point to any "other paper" provided to Defendant with or after the initial pleading that would start a thirty-day removal period under the second pathway. Plaintiffs do not dispute that Defendant removed the matter within a year after Plaintiffs filed their action in state court. The Court finds that Defendant's removal based on diversity jurisdiction was not untimely.

Plaintiffs additionally argues that because their complaint contains a federal cause of action under the MMWA, federal question jurisdiction was clear from the complaint. Mot. at 5. The MMWA includes an amount in controversy threshold of $50,000. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (citing 15 U.S.C. § 2310(d)). The Ninth Circuit has cited Third Circuit precedent for the proposition that federal jurisdiction for an MMWA claim "does not exist unless the amount in controversy exceeds $50,000." *Id.* (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004)). The Court agrees with Defendant that the complaint is not clear as to the basis for damages on Plaintiffs' MMWA claim, and as explained above, the complaint is indeterminate as to any values necessary to calculate an amount in controversy. Therefore, inclusion of the MMWA claim did not start a thirty-day clock for removal. *See Jackson*, 2025 WL 2835457, at *3 (finding removal after thirty days of receipt of complaint including MMWA claim was not untimely because amount in controversy was not clear from face of complaint). Defendant's removal was not untimely.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

    2.    <u>Amount in Controversy</u>[2]

While Plaintiffs argue that "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone," Plaintiffs also claim that Defendant has not met its burden to establish that the amount in controversy exceeds $50,000. Mot. at 6, 9. Plaintiffs contend that Defendant's estimate of actual damages is insufficient and does not account for the statutory mileage offset. *Id.* at 10. Plaintiffs also assert that any projection of civil penalties is conjectural. *Id.* Plaintiffs maintain that Defendant must offer evidence of willfulness. *Id.* at 11. Plaintiffs also contend that Defendant's representation of fees is speculative and self-serving. *Id.*

Defendant relies on information obtained in its own investigation to show that the amount in controversy more likely than not exceeds $75,000. Opp'n at 18. Defendant notes that Plaintiffs have not produced a copy of the sales contract, repair records, or loan payment history.[3] *Id.* Based on a Carfax report indicating that Plaintiffs purchased their vehicle with 6,620 miles on the odometer, and a Kelley Blue Book report, Defendant estimates that the market value of the Subject Vehicle at the time of sale was $35,520.00. *Id.* at 19. Based on counsel's experience with purchase contracts regarding similar vehicles, a conservative estimate of financing would bring the total

---

[2] The parties do not dispute that there is complete diversity. For purposes of diversity jurisdiction, a person is a citizen of the state where they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A limited liability company (LLC) is a citizen of each state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen in the state in which it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Plaintiffs allege that they are residents of the state of California. FAC ¶ 2. Defendant is an LLC whose sole member is General Motors Holdings LLC. Notice at 3. The sole member of General Motors Holding LLC is General Motors Company. *Id.* General Motors Company is incorporated in Delaware with a principal place of business in Michigan. *Id.* Thus, there is complete diversity of citizenship between the parties.

[3] Plaintiffs contend that Defendant possesses the Subject Vehicle's Retail Installment Sales Contract and all repair orders because Plaintiffs provided those materials on January 4, 2025 as part of the parties' pre-litigation settlement discussions. Reply at 1. As explained above, materials disclosed prior to litigation do not trigger a thirty-day clock for removal. Moreover, in light of California's mediation privilege, it is not clear whether Defendant could rely on the January 2025 disclosure. *See* Cal. Evid. Code § 1122.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

paid and payable to $42,624.00. *Id.* Relying on the Carfax report, Defendant applied a mileage offset of $5,765.19 based on the odometer reading of 26,097 miles on June 13, 2024, when Plaintiffs presented the vehicle to a dealership for repair of the defect claim they appear to be pursuing in this action. *Id.* Defendant estimates further deductible offsets of $4,500.00 based on counsel's experience with purchase contracts regarding the same vehicle, and a total of $4,000 in deductible unpaid financing for an additional 12 monthly payments that would be made prior to resolution of this matter. *Id.* This results in an estimated $28,358.81 of actual damages. *Id.* at 19-20. Defendant contends that including the maximum civil penalties is appropriate because Plaintiffs specifically allege willfulness, and Defendant's investigation concluded that the Subject Vehicle was presented for repair at least three times. *Id.* at 20. This brings the total to $85,076.43. *Id.* Finally, Defendant estimates that Plaintiffs will demand at least $15,000 in attorney's fees based on counsel's billable rate and a basic workup of the case before trial. *Id.* at 20-21.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).[4] If the plaintiff contests, or the court questions, the allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "But assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have some reasonable ground underlying them." *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019).

---

[4] *Dart Cherokee* and the Ninth Circuit opinions interpreting *Dart Cherokee* involve cases removed under the Class Action Fairness Act of 2005 ("CAFA"). Because *Dart Cherokee's* holding was premised on an interpretation of section 1446(a) and section 1446(c), district courts in the Ninth Circuit routinely apply its holding to cases where removal is based on section 1332. *See, e.g., Fierro v. Capital One, N.A.*, No. 22-cv-00493-BAS-BLM, 2022 WL 17486364, at *3 (relying on *Dart Cherokee* to discuss the burdens of proof on a motion to remand in a non-CAFA case); *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678-PSG (GJSx), 2019 WL 3493991, at *3 (C.D. Cal. July 31, 2019) (citing *Dart Cherokee* as the appropriate legal standard for determining the amount in controversy on a motion to remand in a non-CAFA case).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

Here, Defendant provides evidence in the form of a declaration of counsel, a Carfax Report for the Subject Vehicle, and a Kelley Blue Book report. *See* Dkt. Nos. 14-1, 14-2, 14-3. Plaintiffs do not provide any evidence in response to support that the amount in controversy threshold is not met. Rather, Plaintiffs challenge the sufficiency of Defendant's evidence. *See* Reply at 4-9.

With respect to actual damages, Plaintiffs contend that Defendant's showing fails because Defendant has not provided the sales agreement or other specific facts. *See* Reply at 4. However, Plaintiffs do not explain why the evidence provided by Defendant, such as the Carfax and Kelley Blue Book reports, cannot be considered, nor do Plaintiffs explain why Defendant's assumptions are unreasonable. As to the mileage offset, contrary to Plaintiffs' assertion that Defendant has not identified a specific defect, date, or mileage of the first repair attempt, *see* Reply at 5-6, Defendant applied the mileage at which Plaintiff presented the vehicle for repair in calculating the mileage offset, *see* Opp'n at 19; Avena Decl., Ex. A. Plaintiff fails to show that Defendant's calculation of actual damages of $28,358.81 is based on conjecture, speculation, or unreasonable assumptions.

As to civil penalties, the Court recognizes that some district courts have required defendants to proffer evidence that a plaintiff will receive the maximum amount of civil penalties. *See, e.g.*, *Gomez v. Nissan North America, Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368, at *5-6 (C.D. Cal. Jan. 3, 2025) (not considering civil penalties because plaintiff's allegations of willfulness were conclusory). However, "[m]any courts have included the maximum civil penalty available under the Song-Beverly Act as part of the amount in controversy, at least when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint." *Amavizca v. Nissan North America, Inc.*, No. ED CV 22-02256 JAK (KK), 2023 WL 3020489, at *6-8 (C.D. Cal. Apr. 19, 2023) (collecting cases). Here, Plaintiffs allege that they are entitled to a civil penalty of two times Plaintiffs' actual damages due to Defendant's willful conduct, *see* FAC ¶¶ 17, 24, 28, and Defendant provides evidence that the Subject Vehicle was presented for repair at least three times, *see* Avena Decl., Ex. A. Although Plaintiffs argue that Defendant's civil penalty assumption is unsupported, Plaintiffs do not address their own allegations regarding willful conduct or Defendant's evidence regarding the number of times the vehicle was presented for repair. The Court finds that it is appropriate here to include the maximum amount of civil penalties in the calculation of the amount in controversy. The inclusion of civil penalties results in an amount in controversy that exceeds $75,000, without consideration of attorney's fees and costs. The Court thus finds it unnecessary to consider the parties' arguments regarding Defendant's estimates of Plaintiff's attorney's fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-8445-RAO | Date: | November 4, 2025 |
| Title: | Alma Araceli Gomez Venegas et al. v. General Motors LLC et al. | | |

In sum, the Court finds that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**III.  CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Remand is **DENIED**. The Court will issue a separate order setting a scheduling conference.

**IT IS SO ORDERED.**

:
Initials of Preparer     er